## SAMUEL C. EDWARDS *vs.* MARTIN W. CARR.

In an action for driving a horse, hired to drive to another town and back, " so immoderately that he became sick and died," there was evidence tending to show that overdriving of the horse, and want of due care of him, when exhausted and diseased, together occasioned his death; and the judge instructed the jury, against the defendant's objection, that if the horse was exhausted on his arrival at the other town, and refused to eat and drink there, and was not in a fit condition to drive, the defendant had no right to drive him back on the same day; that "to entitle the plaintiff to recover, he must prove that the death of the horse was produced by the overdriving, or the want of ordinary care on the part of the defendant;" and that if the death of the horse was produced partly by the misconduct of the defendant, and partly by the negligence of the plaintiff, the plaintiff was not entitled to recover; and refused to instruct the jury that if a cold taken by the horse, or other cause, coöperated with immoderate driving in producing the death, the burden of proof was on the plaintiff to prove that the second cause existed, or the cold was taken by the horse, through the negligence of the defendant, and before he was redelivered to the plaintiff. *Held*, that these instructions and refusal were correct, and not open to objection, as leaving it to the jury to find a verdict for the plaintiff, on the ground of injury from want of care only, unconnected with immoderate driving.

ACTION OF TORT. The plaintiff alleged in the declaration that " the defendant hired of him a horse and chaise to ride from Attleborough to Dedham, and from thence back to Attleborough, in a proper manner; and the defendant drove said horse so immoderately that he became sick and died." The answer admitted the hiring as alleged, but denied " that the defendant drove the horse so immoderately that he became sick and died."

At the trial in the court of common pleas, in Bristol, before *Briggs,* J., the plaintiff offered evidence tending to show that the defendant drove the horse from Attleborough to Dedham, a distance of twenty miles, in two hours and forty minutes; that when he arrived at Dedham the horse was covered with sweat, and appeared greatly exhausted, and neither ate nor drank while there; and that the defendant, knowing the condition of the horse, drove him back to Attleborough, the afternoon of the same day; and that the horse appeared very much exhausted when he arrived there, and would eat and drink nothing, and died in a few days.

The defendant offered evidence tending to prove that the horse was not overdriven; that he was in good condition when

he left Dedham to return to Attleborough, and went as well all the way as he did in the morning; that he died of a disease which could not be brought on by exhaustion or overdriving alone, but could only be brought on by his taking a severe cold; and that he was not properly taken care of after he was returned to the plaintiff's stable.

The plaintiff's counsel " claimed, as a construction of law, that if the horse was exhausted on his arrival at Dedham, and refused to eat and drink while at Dedham, and was not in a fit condition to drive, the defendant would have no right to drive him back to Attleborough on the same day." And the judge, against the defendant's objection, so instructed the jury.

It was argued by the plaintiff's counsel, that the horse took cold, either at Dedham or when stopping on the return home, by the want of ordinary care on the part of the defendant; and upon this point the judge instructed the jury as follows:

1. " After the horse went into the possession of the defendant, he was bound to take ordinary care, or such care of him as a prudent man takes of his own horse under the same circumstances.

2. " To entitle the plaintiff to recover, he must prove that the death of the horse was produced by the overdriving, or the want of ordinary care on the part of the defendant.

3. " If the death of the horse was produced partly by the misconduct of the defendant and partly by the negligence or misconduct of the plaintiff, the plaintiff is not entitled to recover in this action."

The defendant's counsel requested the judge to instruct the jury " that if they should believe, upon the evidence, that immoderate driving did not of itself alone produce death, but that a cold taken by the horse, or other cause, coöperated with the immoderate driving in producing the death of the horse, the burden is upon the plaintiff to satisfy the jury by a preponderance of evidence, that the second cause existed, or the cold was taken by the horse before he was redelivered to the plaintiff, and that through the negligence of the defendant." But the judge refused to give this instruction.

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions, which were argued at Taunton at October term 1858.

*B. Sanford,* for the defendant.   The plaintiff, having declared only for an injury to the horse by immoderate driving, is not entitled to a verdict upon the ground that immoderate driving, together with negligence of defendant in taking care of the horse at Dedham, caused his death.   *St.* 1852, *c.* 312, §§ 2, 3, · 26.   *Brown* v. *Wakefield,* 1 Gray, 450.   *Woodbury* v. *Jones,* 3 Gray, 262.

The verdict is that the horse died of one of two causes — immoderate driving, or negligence in taking care of the horse — one of which is alleged in the declaration, and the other not; and it does not even appear that the wrongful act alleged was the principal cause.   Or the jury may have found, under the second ruling of the court, that the horse died solely from the effects of a cold.

The ruling asked for, as to the burden of proof, was called for by the circumstances of the case, and should have been given *Kellogg* v. *Northampton,* 4 Gray, 68, 69.

*E. H. Bennett,* for the plaintiff, cited *Bray* v. *Mayne,* Gow, 1 , *Briggs* v. *Taylor,* 28 Verm. 180.

SHAW, C. J.   A majority of the court are of opinion that the exceptions must be overruled.

1. The first question is this : The plaintiff's counsel claimed, as a construction of law, that if the horse was exhausted on his arrival at Dedham, and refused to eat and drink there, and was not in a fit condition to drive, the defendant would have no right to drive him back to Attleborough on the same day.   The court so instructed the jury ; to which the defendant excepted.

It appears to us that this direction was right.   For, though the allegation in the declaration is immoderate driving only, yet what is immoderate driving depends upon the condition of the horse.   What would be very moderate driving of a horse in sound health and good condition, would be immoderate with a horse manifesting plain indications of exhaustion or disease.

2. It was argued by the plaintiff's counsel that the horse did

take cold either at Dedham or on the return home, by the want of ordinary care of the defendant; whereupon the court instructed the jury :

First. " That after the horse went into the possession of the defendant, he was bound to take ordinary care, or such care as a prudent man takes of his own horse." This was correct, and states the principle in the usual form.

Secondly. " To entitle the plaintiff to recover, he must prove that the death of the horse was produced by the overdriving, or the want of ordinary care on the part of the defendant."

The principal doubt in the case has arisen from this instruction, as applicable to the declaration. The direction was, that the defendant must prove the death of the horse to be caused by overdriving, *or* the want of ordinary care. If this direction had stood alone, it would have been open to the objection, that it would authorize the jury to find a verdict for the plaintiff, if the death of the horse was caused by want of ordinary care alone, although wholly disconnected with any immoderate driving. If so, it would have been wrong, because, in this declaration, immoderate driving was the only cause alleged.

But this direction was given in connection with evidence tending to show that overdriving and the injurious effect of overdriving, upon a horse exhausted and diseased, as this horse appeared to be, and the want of due care of the horse, at Dedham, and in stopping on the way home, for which the defendant was responsible, were the combined and actual cause of his death. The judge did direct the jury, that if the death of the horse was caused, in whole or in part, by the negligence of the plaintiff, after he was returned by the defendant, the plaintiff would not be entitled to recover; and also, that the defendant was responsible for ordinary care of the horse whilst in his possession. Taking the whole charge together, we think the judge intended to direct the jury, that, to entitle the plaintiff to recover, he must prove that the death of the horse was produced either solely by overdriving, or by want of ordinary care combined with, and giving effect to immoderate driving. So understood by the jury, as we think it was, it would not warrant them in

finding a verdict for the plaintiff on proof of want of ordinary care only, exposing him to a fatal disease, unconnected with immoderate driving.

If the counsel for the defendant understood the direction otherwise, he should have called the attention of the judge, at the time, to the supposed variance between the allegation and the proof, in order that the plaintiff might move to amend his declaration, or, in the absence of such motion, to enable the judge to qualify the proposition stated to the jury, so as to conform to the declaration and the state of the evidence; but no such exception was then taken.

It is very important that no objection to a verdict be brought before this court by an exception which was not in some form taken at the trial, especially in cases where there is ground to believe that if it had been then brought to the attention of the judge and the adverse counsel, it might have been avoided by an amendment, or by a more specific direction of the judge, sustaining or overruling it. The party objecting would have the full benefit of his objection in matter of law, if well founded, either by a ruling in his favor, or an allowance of the exception, and the rights of both parties be secure.

This observation acquires greater weight from the consideration of the very brief and informal mode of declaring and answering, warranted and even required by the new practice act, so different in accuracy and fulness from the pleadings at common law; also that a great part of all trials by jury are, by existing laws, had in the court below, and there is no mode of correcting any error in matter of law, however slight, often not much affecting the general merits of the case, but by setting aside the verdict, and ordering another trial in the same court, at great expense. And it is an act of justice to the judge before whom the trial is had, that his ruling in matter of law, necessarily made in the midst of a trial, should not be reversed, unless his mind was specifically drawn to it, and acted upon it as deliberately as time and circumstances would admit.

*Exceptions overruled.*